UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 09-35-HRW

**SANDRA KAY PARTON**,                                              **PLAINTIFF,**

v.       **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for child's disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for child's disability insurance benefits on April 28, 2006, alleging disability beginning on December 12, 1966, due to hydrocephalus, depression, foot pain and spinal pain (Tr. 89).

This application was denied initially on August 21, 2006 and on reconsideration on November 13, 2006.

On February 7, 2008, an administrative hearing was conducted by Administrative

Law Judge Larry Temin (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Ms. Emma Campbell, Plaintiff's mother also testified, as did Stephanie Barnes, a vocational expert (hereinafter "VE").

At the hearing, pursuant to 20 C.F.R. § 416.920 and § 202(d), the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled prior to the attainment of age 22:

>Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
>Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
>Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
>Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
>Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 12, 2008, the ALJ issued his decision finding that Plaintiff was not disabled prior to the age of 22 (Tr. 9-20).

Plaintiff was 41 years old at the time of the hearing decision. She has an eighth grade education and no past relevant work experience.

2

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffered from borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 14-15).

At Step 3, the ALJ found that prior to attaining the age of 22, Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15-16).

The ALJ further found that prior to attaining the age of 22, Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain nonexertional limitations as set forth in the hearing decision (Tr. 17-19).

The ALJ finally concluded that such work exists in significant numbers in the national and regional economies, as identified by the VE (Tr. 19).   Accordingly, the ALJ found Plaintiff was not under a disability at any time prior to the attainment of age 22.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 15, 2009.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff first argues that the ALJ improperly discounted the testimony of her mother, Ms. Emma Campbell concerning the limiting effects of Plaintiff's symptoms.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human*

*Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for discrediting the witness are reasonable and supported by substantial evidence in the record. Further, subjective testimony must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

In this case, the ALJ concluded that Ms. Campbell's testimony was not supported by other evidence in the record. For example, although Ms. Campbell testified that, during the relevant time period, Plaintiff had problems in school, contemporaneous treatment records reveal Plaintiff was doing well in school (Tr. 18, 686-689). Indeed, Plaintiff received "Straight As" at the age of 12 and continued to do well at the age of 14 (Tr. 685-689).

The ALJ also determined that Ms. Campbell's description of Plaintiff's inability to comprehend schoolwork and unstable disposition were undermined by contemporaneous report of treating physician, Dr. John Walsh, who stated that Plaintiff was competent and capable of mak8ing decisions for herself (Tr. 717).

Having reviewed the record, the Court finds that the ALJ's reasons for discounting Ms. Campbell's testimony are supported by substantial evidence in the record.

Plaintiff also contends that the ALJ did not consider evidence of her obesity

during the relevant time period.

It is axiomatic that Plaintiff's obesity, or any other condition, is relevant only to the extent that it affected her ability to work. The mere diagnosis of a condition says nothing about is severity. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). The pertinent inquiry is whether or not the condition is **disabling**. Moreover, the burden is upon Plaintiff to demonstrate that the impairment or condition is disabling.

In this case, although the record reveals that Plaintff was described as "obese" in 1986 (Tr. 736), and that medical sources had taken note of her weight gain during her childhood (Tr. 686. 689, 691), there is nothing in the record which establishes or even suggests that Plaintiff's weight interfered with her functional abilities during the relevant time period.

Having reviewed the record, the Court finds that the ALJ properly concluded that there was no objective evidence to indicate that obesity was a disabling impairment.

Plaintiff also argues that the ALJ ignored certain impairments in making his decision. Specifically, Plaintiff maintains that that her depression, personality problems and social problems rendered her disabled [Docket No. 11, Plaintiff's brief at pg.5-6]. However, the record reveals that these conditions manifested

6

themselves and became disabling after Plaintiff attained the age of 22 and are, thus, not relevant to the instant decision.

Finally, Plaintiff contends that the hypothetical posed to the VE did not accurately portray her mental impairments.

This circuit's long-standing rule is that that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will

be entered contemporaneously herewith.

    This November 3, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge